*/s/Dane Exnowski*, SBN 281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Boulevard, Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Dane.Exnowski@mccalla.com

Attorney for Secured Creditor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Donald Charles Schwartz,<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 23-50372<br>CHAPTER: 13<br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Confirmation Hearing:<br>Date: 06/08/23<br>Time: 1:30 p.m.<br>Place: via San Jose Courtroom 11 - Hammond |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:**

The Bank Of New York Mellon Fka The Bank Of New York, As Trustee For The Certificateholders Of The CWMBS Inc., CHL Mortgage Pass-Through Trust 2004-HYB8, Mortgage Pass Through Certificates, Series 2004-HYB8 ("Secured Creditor"), as serviced by NewRez LLC dba Shellpoint Mortgage Servicing, hereby objects to the confirmation of the Debtor's Chapter 13 Plan in

OBJECTION TO CONFIRMATION 1 ObjPlan_CA_V01

Case: 23-50372   Doc# 23   Filed: 05/22/23   Entered: 05/22/23 15:35:54   Page 1 of 3

the above-captioned matter. Secured Creditor is a party in interest as the holder of a secured claim and therefore has standing to object to the Debtor's Chapter 13 Plan. Secured Creditor objects to the Debtor's Chapter 13 Plan on the following grounds:

1. **Secured Creditor's claim relating to the Property.** Secured Creditor's claim is secured by the real property commonly known as 250 Migues Mountain Lane, Aptos, CA 95003 (the "Property"). At the time of the bankruptcy petition filing, Secured Creditor's claim was in the approximate amount of $1,397,521.24, including arrearage in the approximate amount of $393,369.15. Secured Creditor is in the process of preparing its Proof of Claim and will file it on or before the Proof of Claim filing deadline of June 15, 2023.

Regarding Debtor's Plan, Secured Creditor's claim is listed in Class 1 as a cure and maintain claim. However, the claim is also listed in Class 4, reserved for wholly unsecured claims purporting to value liens at $0.00 with a separate motion to be filed. To note, the Debtor schedules two liens in Schedule D for Shellpoint/Bank of New York Mellon: a smaller lien at $450,000 [having the last four loan numbers for Secured Creditor's claim herein] and a larger lien at $1,348,730.66.

2. **Pursuant to 11 U.S.C. § 1322(b)(5).** According to the Plan, Debtor has provided for the arrears in the amount of $265,896.00. However, the arrearage on Secured Creditor's claim is in the amount of approximately $393,369.15. Secured Creditor is cognizant that its proof of claim will control; however, Secured Creditor objects to the extent that its higher arrearage results in any cure not being made within a reasonable amount of time, as required by 11 U.S.C. § 1322(b)(5).

3. **Pursuant to 11 U.S.C. § 1325(a)(5).** To the extent the Plan purports to value Secured Creditor's lien, Secured Creditor objection out of caution to any valuation of its lien. As there has been no order valuing its lien, the Plan must provide for the full value of its claim as secured, as required by 11 U.S.C. § 1325(a)(5)(B).

4. **Pursuant to 11 U.S.C. § 1325(a)(6), the Plan appears infeasible.** According to the plan, Debtor will make monthly payments of $2,500.00 for six (6) months then $5,500.00 for fifty-four months to the Trustee for a base plan amount of $312,000.00. However, according to the Debtor's Schedules, Debtor has a monthly net income of only $457.58. This amount is insufficient to fund the proposed plan payments. As such, Secured Creditor submits that the Plan us infeasible. In the event

the Debtor nonetheless contends that the Plan is feasible, Secured Creditor would request supplement evidence or proof of the same; or, that Debtor file an amended plan that is feasible.

**WHEREFORE**, Secured Creditor respectfully requests that:

1. Confirmation of Debtor's Chapter 13 Plan be denied; or, in the alternative,

2. Debtor's Plan be amended in accordance with this Objection.

3. For other such relief as the Court deems just and proper.

Dated: May 22, 2023

Respectfully Submitted,

McCalla Raymer Leibert Pierce, LLP

By: /s/Dane Exnowski

Dane Exnowski

Attorney for Secured Creditor