Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@fennemorelaw.com
Email: llenherr@fennemorelaw.com

Attorneys for Creditors Margot Schwartz,
Noah Schwartz and the Schwartz Foundation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DONALD CHARLES SCHWARTZ,<br><br>Debtor. | Case No. 23-50372-MEH<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>R.S. No. FW-001<br><br>Date: July 13, 2023<br>Time: 2:30 p.m.<br>Place: In Person or Via Zoom<br>Courtroom 11<br>280 South First Street<br>San Jose, CA<br>Judge: Hon. M. Elaine Hammond |

NOAH SCHWARTZ, MARGO SCHWARTZ, individually and the SCHWARTZ FOUNDATION, a California corporation (collectively "**Schwartz**" or "**Movants**"), as plaintiffs and cross-defendants in that certain state court litigation entitled *Schwartz Foundation, a California corporation, et al. v. Donald C. Schwartz, et al.* pending in the Superior Court of the State of California, County of Santa Cruz, as Case No. 21CV00416 ("**State Court Action**"), hereby move this Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001(a) and Bankr. Local Rule 4001-1 for an order lifting the automatic stay arising in this case pursuant to 11 U.S.C.

§ 362(a), as follows:

## I. STATEMENT OF FACTS

1. On February 22, 2021, Movants commenced the State Court Action against Donald C. Schwartz ("**Debtor**"), Paul D Schwartz, Charles P. Schwartz, III, David Richard Schwartz, and Stevon S. Schwartz (collectively "**Defendants**") by filing a Complaint for Relief Under Corporations Code Section 09, Including Declaratory and Injunctive Relief; a First Amended Complaint was filed on June 21, 2021 (the "**Complaint**"). (M. Schwartz Decl. ¶ 2, Ex. A (copy of the State Court Action first amended complaint).)[1]

2. In the State Court Action Movants seek declaratory relief, injunctive relief, and costs of suit, including, *inter alia*, a judicial declaration that Margot Schwartz and Noah Schwartz are the only two directors of the Schwartz Foundation, a permanent injunction precluding Defendants from acting as a director or officer of the Schwartz Foundation, and related relief. (M. Schwartz Decl. ¶¶ 2-3, Ex. A.) The only monetary relief sought is limited and arguably de minimis: costs of suit, including attorneys' fees to the extent permitted by law. (M. Schwartz Decl. ¶¶ 2-3, Ex. A.) In addition, under a State Court order dated January 10, 2022, Movants have been awarded sanctions in the amount of $4,500.00, and other sanctions are pending in the total sum of $9,605.00. (*See* Claim Nos. 5-7, filed June 15, 2023.)

3. Defendants dispute Movants' position and contend that Donald, Stevon, and Charles are the directors of the Schwartz Foundation, pursuant to that certain Order entered on January 12, 2021, in Case No. 21CV00032 (Superior Court of California, County of Santa Cruz) ("**Disputed Order**"); Movants contend that Debtor obtained entry of the Disputed Order by fraud. (M. Schwartz Decl. ¶¶ 2, 4, Ex. A.)

4. On March 24, 2021, the Court entered an Order giving Margo Schwartz and Noah Schwartz authority over the Schwartz Foundation, pending the outcome of the litigation ("**Status Quo Order**"). (M. Schwartz Decl. ¶ 5, Ex.B.)

---

[1] All references to the Declaration of Margo Schwartz shall be referred to as (M. Schwartz Decl. ¶ __, Ex. ___).

5. **The State Court Action has been set for trial multiple times**:

    a. The case was initially set for trial on **May 27, 2021** (M. Schwartz Decl. ¶ 6(a));

    b. The initial trial date was continued to **October 2021**, because Movants were unable to complete necessary discovery due to Donald Schwartz's conduct (M. Schwartz Decl. ¶ 6(b)). Movants were ultimately awarded sanctions against Defendants for Debtor's conduct in the amount of $4,700.00 and other sanctions are pending in the total sum of $9,605.00. (M. Schwartz Decl. ¶ 6(b).)

    c. After getting the initial trial date continued, in September 2021, Defendants inundated the Court with motions,[2] causing the court to postpone the trial date to **March 7, 2022**. (M. Schwartz Decl. ¶ 6(c).)

    d. On February 10, 2022, Defendant Michael Osterberg filed for bankruptcy (U.S. Bankr. E.D. Cal. Case No. 22-20304), which caused the Court to vacate the trial date. (M. Schwartz Decl. ¶ 6(d).) On February 28, 2022, Michel Osterberg's bankruptcy case was dismissed for failure to file a Chapter 13 plan, Schedules, and Statement of Financial Affairs. (U.S. Bankr. E.D. Cal. Case No. 22-20304, Docket No. 9; *see also* U.S. Bankr. E.D. Cal. Case No. 22-20304, Docket No. 7, filed Feb. 14, 2022 (Notice of Incomplete Filing and Notice of Intent to Dismiss Case).)

    e. The case was next set for trial on **April 24, 2023**, which was vacated when Debtor's Petition was filed. (M. Schwartz Decl. ¶ 6(e).)

6. On **April 6, 2023**, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, and an Order for Relief was entered on that date. (Docket No. 1.)

7. Debtor did not list the State Court Action in the Schedules or Statement of Financial Affairs. (*See* Docket No. 13, filed May 4, 2023.)

---

[2] The motions included: three (3) separate demurrers attacking Complaint; a motion to set aside the Status Quo Order; a motion for sanctions against Movants; a motion for judgment on the pleadings; and a number of premature motions in limine. (M. Schwartz Decl. ¶ 6(c).)

8. **The current status of the State Court Action is as follows**:

    a. Two (2) motions to compel Defendants to respond to written discovery were set for hearing on April 11, 2023 (M. Schwartz Decl. ¶ 9(a));

    b. Motion to compel the depositions of Defendants Michael Osterberg, David Schwartz, and Stevon Schwartz was set for hearing on April 11, 2023, (M. Schwartz Decl. ¶ 9(b));

    c. With relief from stay, the State Courts should be able to set the case for trial within a few months; however, the trial date will depend on the Court's calendar and the calendars of the parties and counsel. (M. Schwartz Decl. ¶ 9(c).) The case will be tried by the Court without a jury. (M. Schwartz Decl. ¶ 9(c).) Since the judge has already decided so many motions in the case and is very familiar with the parties' factual and legal positions, it is anticipated that he will make his decision pretty quickly after trial. (M. Schwartz Decl. ¶ 9(c).)

## II. MOTION

### A. Relief from the Automatic Stay for Cause (11 U.S.C. § 362(d)(1))

Section 362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1). "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-by-case basis." *Kronemyer v. Am. Contrs. Indem. Co. (In re Kronemyer)*, 405 B.R. 915 (B.A.P. 9th Cir. 2009) (*citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162 (9th Cir. 1990)). "Among factors appropriate to consider in determining whether relief from the automatic stay should be granted to allow state court proceedings to continue are considerations of judicial economy and the expertise of the state court . . . as well as prejudice to the parties and whether exclusively bankruptcy issues are involved." *Kronemyer*, 405 B.R. at 921 (*citations omitted*). The panel in *Kroneyer* also found that there are numerous other non-exclusive factors that can be taken into account when considering whether to grant relief from the automatic stay, including the "*Curtis* Factors" described in *In re Curtis*, 40 B.R. 795 (Bankr.

D. Utah 1984). *Kronemyer*, 405 B.R. at 921. The *Curtis* Factors are:

> 1. Whether the relief will result in a partial or complete resolution of the issues; 2. The lack of any connection with or interference with the bankruptcy case; 3. Whether the foreign proceeding involves the debtor as a fiduciary; 4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; 5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; 6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; 7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; 8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); 9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); 10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties; 11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and 12. The impact of the stay on the parties and the "balance of hurt."

*Trubro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R.551, 559 (Bankr C.D. Cal. 2004) (*citing Curtis*, 40 B.R. at 799-800). Similarly, the Ninth Circuit describes non-exclusive abstention factors as:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Tucson Estates*, 912 F.2d at 1167.

**B.  Movants Are Entitled to Relief from the Automatic Stay for Cause (11 U.S.C. § 362(d)(1))**

Analysis of the applicable *Kronemyer, Tucson Estates, and Curtis* factors dictate that relief from the automatic stay is appropriate under the facts of this case, as follows:

### 1. State Court Action is Not Primarily a Core Proceeding

The causes of action at issue in the State Court Action do not affect any liability or asset of the Debtor or the estate and are not a core proceedings under 28 U.S.C. § 157(b)(2). In the State Court Action Movants primarily seek declaratory relief and injunctive relief, including, *inter alia*, a judicial declaration that Margot Schwartz and Noah Schwartz are the only two directors of the Schwartz Foundation and a permanent injunction precluding Defendants from acting as a director or officer of the Schwartz Foundation. (M. Schwartz Decl. ¶¶ 2-3, Ex. A.)

Although costs of suit and discovery sanctions that have been or may in the future be awarded in the State Court Action may be deemed monetary claims that are core proceedings under 28 U.S.C. § 157(b)(2)(B), such awards are: limited and arguably de minimis, incident to the causes of action, and necessarily attendant to any form of litigation.[3] Movants propose that relief include limited authority to liquidate these monetary claims against the Debtor with the proviso that they may not enforce such awards without further order modifying the stay.

### 2. The State Court Action Lacks Connection with the Bankruptcy Case, Concerns Wholly State Law Issues, Relief will Result in a Complete Resolution of the Issues, and Allowing the State Court Action to Proceed Will Promote Judicial Economy

The State Court Action has been pending since February 2021, and it has been set for trial multiple times, and involves unrelated non-debtor parties. (*See, supra* § I(5).) All of the issues raised in the State Court Action are state law issues, and the State Court is familiar with those issues, the parties' positions, and the facts of the case, as it has already decided many motions in the case. (*See* M. Schwartz Decl. ¶¶ 2, 9(c), Ex. A (Complaint).) Delaying resolution of the State Court Action or requiring the parties to litigate in the Bankruptcy Court at this late stage would merely cause further delay and hinder judicial economy.

### 3. Movants Have Been and Will Continue To Be Prejudiced by Further Delay

Refusal to grant relief from the automatic stay will only cause further harm, delay, and

---

[3] Under a State Court order dated January 10, 2022, Movants have been awarded sanctions in the amount of $4,500.00, and other sanctions are pending in the total sum of $9,605.00. (*See* Claim Nos. 5-7, filed June 15, 2023.)

increased cost. (M. Schwartz Decl. ¶ 10.) Until the State Court Action is resolved, the Schwartz Foundation is in a holding pattern, unable to do the level of charitable work that is possible. (M. Schwartz Decl. ¶ 10.) In this state of limbo, Movants are hamstrung in their ability to run the Schwatz Foundation because their ability to make decisions is limited by the very real possibility that Debtor will dispute any decisions made by Movants through further litigation. (M. Schwartz Decl. ¶ 10.)

In addition, Debtor and the other Defendants have used the State Court Action as a vehicle to prevent the proper disposition of Schwartz Foundation assets, which has already resulted in financial harm to the Schwartz Foundation. (M. Schwartz Decl. ¶ 11.) Specifically, when trial was set for March of 2022, Defendants filed a motion to prevent Mechanics Bank (the Trustee of the Trust that holds assets benefiting the Schwartz Foundation) from moving forward with its recommendation to sell one of the apartment buildings that is in the Trust. (M. Schwartz Decl. ¶ 11.) The State Court granted Defendants' motion, despite evidence that precluding the sale of the building would cause financial harm to the Schwartz Foundation. (M. Schwartz Decl. ¶ 11.) The State Court's ruling was based in large part on the fact that the case was about to be tried (in March 2022), so the State Court decided to preserve the status quo pending the outcome of trial, despite the financial harm to the Schwartz Foundation from having to refinance the loan instead of selling the building. (M. Schwartz Decl. ¶ 11.) If the State Court Action is not tried and decided soon, the same scenario could play out again in 2024, when the loan comes due on the other building that is held in the Trust, resulting in further damage to the Schwartz Foundation, especially in light of today's much higher interest rates. (M. Schwartz Decl. ¶ 11.)

Finally, the longer this case remains pending, and the more times the trial date is postponed, the more the fees and costs increase. (M. Schwartz Decl. ¶ 12.)

### C. Waiver of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Movants request that this Court waive the effect of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (**FRBP**).

### III. CONCLUSION

For all the foregoing reasons, Movants respectfully request that this Court make and enter

an order for relief from the automatic stay:

1) Permitting Movants to prosecute the pending State Court Action for the limited purpose of obtaining the requested declaratory and injunctive relief, and to liquidate any sanctions claims or claims for costs against the Debtor arising from the litigation, with the enforcement of and such monetary claims to remain stayed as to the Debtor pending further order of this court;

2) Waiving the effect of FRBP 4001(a)(3); and

3) For such other and further relief as the Court deems proper.

DATED: June 29, 2023                    FENNEMORE WENDEL

By: */s/ Lisa Lenherr*
Mark S. Bostick
Lisa Lenherr
Attorneys for Creditors Margot Schwartz,
Noah Schwartz and the Schwartz Foundation